In re:  
Nicholas R. Crawford  
    Debtor

Case No. 15-52566-amk  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0647-5     User: admin     Page 1 of 1     Date Rcvd: Feb 23, 2016  
                        Form ID: 318     Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 25, 2016.

```
db           +Nicholas R. Crawford,    2711 Krska Place,    Barberton, OH 44203-3984
23934974     +Akron General,    PO Box 3540,    Akron, OH 44309-3540
23934979     +Lakita Dinkins,    1490 Washburn St.,    Akron, OH 44307-1041
23934980      Ohio Bureau of Motor Vehicles,    P.O. Box 16583,    Columbus, OH 43216-6583
23934983      State Farm Insurance,    3068 Bloomington,    Bloomington, IL 61702
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
ust          +E-mail/Text: ustpregion09.cl.ecf@usdoj.gov Feb 23 2016 22:13:12      Cynthia J. Thayer,
               US Department of Justice,    201 Superior Avenue,    Suite 441,    Cleveland, OH 44114-1234
23934973     +EDI: AFNIRECOVERY.COM Feb 23 2016 21:53:00      AFNI,    PO Box 3097,
               Bloomington, IL 61702-3097
23934975     +EDI: ATTWIREBK.COM Feb 23 2016 21:53:00      AT & T,    P.O. Box 5080,
               Carol Stream, IL 60197-5080
23934976     +E-mail/Text: mahonb@clevelandmunicipalcourt.org Feb 23 2016 22:14:19
               Cleveland Municipal Court,    1200 Ontario St,    Cleveland, OH 44113-1645
23934977      E-mail/Text: ohiobankruptcy@dom.com Feb 23 2016 22:15:19      Dominion East Ohio,
               P.O. Box  26785,    Richmond, VA 23261-6785
23934978     +E-mail/Text: bankruptcynotices@advanceamerica.net Feb 23 2016 22:14:11      First American Loans,
               1544 S Hawkins Ave,    Akron, OH 44320-4055
23934981     +E-mail/Text: bankruptcy@firstenergycorp.com Feb 23 2016 22:14:07      Ohio Edison,
               76 S. Main St.,    Akron, OH 44308-1817
23934984     +EDI: VERIZONWIRE.COM Feb 23 2016 21:53:00      Verizon Wireless,    P.O. Box 660108,
               Dallas, TX 75266-0108
                                                                                              TOTAL: 8
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23934982       ##+Portage County Municipal Court,    214 South Water Street,    Kent, OH 44240-3526
                                                                                   TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2016                                Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 23, 2016 at the address(es) listed below:

```
          Denise M. Leskovec    on behalf of Debtor Nicholas R. Crawford dleskovec@ohiolegalclinic.com,
           nkrenisky@ohiolegalclinic.com;niecyb25@gmail.com;rausermail@ohiolegalclinic.com;rauser@bestclient
           inc.com;rauserandassociates@gmail.com;rauserecfmail@gmail.com;mresar@ohiolegalclinic.com;cle13ecf
           @gmail.com;chapter13c
          Marc P. Gertz     mpgertz@goldman-rosen.com,
           debm@goldman-rosen.com;mgertz@ecf.epiqsystems.com;debmgoldman_rosen@hotmail.com
                                                                                              TOTAL: 2
```

| | | | |
|---|---|---|---|
| **Information to identify the case:** | | | |
| Debtor 1 | **Nicholas R. Crawford** | Social Security number or ITIN | **xxx–xx–3944** |
| | First Name    Middle Name    Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN | _ _ _ _ |
| | First Name    Middle Name    Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court    **Northern District of Ohio** | | | |
| Case number:    **15–52566–amk** | | | |

## Order of Discharge                                                                                       12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Nicholas R. Crawford

2/23/16                                                                     **By the court:** <u>ALAN M. KOSCHIK</u>
                                                                                                United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**